**Electronically Filed**
**Intermediate Court of Appeals**
**29703**
**25-JAN-2012**
**08:55 AM**

NO. 29703

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
CHESTER PACQUING, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0556)

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee Chester Pacquing (Pacquing) by complaint with a single count of unauthorized possession of confidential personal information, in violation of Hawaii Revised Statutes (HRS) § 708-839.55 (Supp. 2010).[1]  The alleged victim and

---

[1] HRS § 708-839.55 provides as follows:

[§ 708-839.55]  **Unauthorized possession of confidential personal information.**  (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

(2) It is an affirmative defense that the person who possessed the confidential personal information of another did so under the reasonable belief that the person in possession was authorized by law or by the consent of the other person to possess the confidential personal information.

(3) Unauthorized possession of confidential personal information is a class C felony.

complainant (Complainant) in this case was Pacquing's former neighbor.

Pacquing filed a motion to dismiss the charge as a de minimis infraction pursuant to HRS § 702-236 (1993).[2] The Circuit Court of the First Circuit (Circuit Court)[3] granted Pacquing's motion and dismissed the complaint. The Circuit Court's dismissal was without prejudice to the State re-charging Pacquing with a different offense -- unsworn falsification to authorities, in violation of HRS § 710-1063(1)(b) (1993)[4] -- within ninety days of the Circuit Court's dismissal order.

---

[2] HRS § 702-236 provides:

**§ 702-236 De minimis infractions.** (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

(2) The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.

[3] The Honorable Michael A. Town presided.

[4] HRS § 710-1063 provides in relevant part:

**§ 710-1063 Unsworn falsification to authorities.** (1) A person commits the offense of unsworn falsification to authorities if, with an intent to mislead a public servant in the performance of the public servant's duty, the person:

. . .

(b) Submits or invites reliance on any writing which the person knows to be falsely made, completed, or altered; . . .

. . . .

(2) Unsworn falsification to authorities is a misdemeanor.

2

The Circuit Court set forth its decision in its "Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion to Dismiss for De Minimis Violation" (De Minimis Dismissal Order) filed on February 11, 2009. The State appeals from the De Minimis Dismissal Order.

On appeal, the State argues that the Circuit Court abused its discretion in dismissing the complaint against Pacquing as a de minimis infraction and challenges numerous conclusions of law issued by the Circuit Court in support of its decision. As set forth in greater detail below, we conclude that the Circuit Court was not presented with all the relevant circumstances necessary for it to properly exercise its discretion in rendering its decision. We therefore vacate the De Minimis Dismissal Order and remand the case for further proceedings.

BACKGROUND FACTS[5]

On March 23, 2008, Honolulu Police Department (HPD) Officer Barry Danielson (Officer Danielson) observed a black Acura Integra with an expired vehicle tax emblem. Officer Danielson effected a traffic stop of the Acura Integra, and HPD Officer Darrin Lum (Officer Lum) arrived at the scene to provide assistance.

Officer Lum went to the driver's door where he saw Pacquing seated in the driver's seat. Officer Lum asked Pacquing for his license, registration, and proof of no-fault insurance. Pacquing was unable to produce the requested documents, but he verbally identified himself by name to Officer Lum as Complainant, who was Pacquing's former neighbor. In addition to using Complainant's name, Pacquing also gave Officer Lum

---

[5] The Background Facts include evidence from a preliminary hearing held on the complaint against Pacquing that was not presented to the Circuit Court in connection with Pacquing's motion to dismiss the charge as a de minimis infraction. We discuss <u>infra</u> the significance of the failure to provide the Circuit Court with evidence from the preliminary hearing.

Complainant's date of birth and residence address as Pacquing's own date of birth and residence address.

Officer Lum conducted a records check to verify the information provided by Pacquing. Officer Lum confirmed that records of the Department of Motor Vehicles Licensing Division (DMV) showed that a person with Complainant's name and the date of birth and address provided by Pacquing had a valid driver's license. The physical description of Complainant from the DMV records also matched Pacquing. Through his records check, Officer Lum also obtained Complainant's driver's license number and Complainant's social security number.

Officer Lum issued Pacquing a criminal citation for driving without insurance and an infraction citation for delinquent vehicle tax or fraudulent safety check. On both citations, Officer Lum wrote Complainant's name, date of birth, and street address. At the preliminary hearing on the complaint against Pacquing, Officer Lum testified that on both citations, he also wrote Complainant's driver's license number and the last four digits of Complainant's social security number. Officer Lum presented the citations to Pacquing for his signature, and Pacquing signed both citations in the name of Complainant.

Officer Lum gave Pacquing a copy of the criminal citation but neglected to give him a copy of the infraction citation. After Pacquing was allowed to leave, Officer Lum realized that he had failed to give Pacquing a copy of the infraction citation. Officer Lum went to the residence address provided by Pacquing to deliver the infraction citation. Upon discovering that no one was home at that address, Officer Lum left the infraction citation in the mailbox.

The following day, March 24, 2008, Complainant went the Kalihi Police Station. Complainant explained to HPD Officer Tish Taniguchi (Officer Taniguchi) that he had found the citation in his mailbox. Complainant claimed that the citation had been issued to him in error. Complainant stated that he did not own or drive the Acura Integra listed on the citation and had not

been involved in the traffic stop identified in the citation. Officer Taniguchi prepared a report based on the information provided by Complainant and also notified Officer Lum of the information provided by Complainant.

On April 7, 2008, Officer Danielson effected a traffic stop of the same Acura Integra he had stopped on March 23, 2008. Officer Lum again arrived to provide back-up. Officer Danielson approached the driver's door and saw Pacquing seated in the driver's seat. Officer Danielson asked Pacquing for his license, registration, and proof of no-fault insurance. Pacquing replied that he did not have picture identification but that he recently received a citation for the same violation. Pacquing presented Officer Danielson with the March 23, 2008, criminal citation issued to him by Officer Lum.

Officer Lum approached Pacquing and asked him to sit in the back seat of Officer Lum's patrol car. Officer Lum also requested that the HPD locate Complainant and bring him to the scene. Upon arriving at the scene, Complainant identified Pacquing and stated that Pacquing used to be his neighbor. Complainant stated that Pacquing did not have permission to use any of Complainant's personal information. Pacquing subsequently admitted to Officer Lum that his name was "Chester Pacquing." Pacquing stated, "I was scared because I had some warrants and did not want to get arrested. I used to live by [Complainant]."

PROCEDURAL HISTORY

The State charged Pacquing by complaint with a single count of unauthorized possession of confidential personal information, in violation of HRS § 708-839.55. The complaint alleged that on or about March 23, 2008 to and including April 7, 2008, which were the two dates that Pacquing was stopped by the police, Pacquing intentionally or knowingly possessed, without authorization, the confidential personal information of Complainant.

Pacquing filed a "Motion to Dismiss, or in the Alternative, Motion for Bill of Particulars," in which he argued

5

that the complaint should be dismissed because the State did not have sufficient evidence to establish the charge. Pacquing also filed a "Motion to Dismiss for De Minimis Violation" (De Minimis Motion), in which he argued that the charge should be dismissed as a de minimis violation under HRS § 702-236. In connection with these motions, the parties did not introduce the citations issued to Pacquing in Complainant's name or present evidence that Complainant's driver's licence number or the last four digits of Complainant's social security number appeared on the citations. Instead, the motions were argued on the basis that Complainant's name, birth date, and street address constituted Complainant's confidential personal information that Pacquing possessed without authorization.

The Circuit Court denied Pacquing's Motion to Dismiss, or in the Alternative, Motion for Bill of Particulars, concluding that Pacquing's actions fell within the conduct prohibited by HRS § 708-839.55 and that Pacquing had not demonstrated his entitlement to a bill of particulars. The Circuit Court granted Pacquing's De Minimis Motion and issued the De Minimis Dismissal Order. In granting the De Minimis Motion, the Circuit Court dismissed the complaint without prejudice to the State re-charging Pacquing with the offense of unsworn falsification to authorities under HRS § 710-1063(1)(b) within 90 days of the filing of the De Minimis Dismissal Order. Otherwise, the Complaint was dismissed with prejudice. The State did not re-charge Pacquing with unsworn falsification to authorities and instead appealed the Circuit Court's De Minimis Dismissal Order.

DISCUSSION

I.

A.

Pacquing was charged with violating HRS § 708-839.55, which provides in relevant part:

> (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of

6

another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

For purposes of HRS § 708-839.55, the term "confidential personal information" is defined as follows:

"Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

HRS § 708-800 (Supp. 2010).

B.

The State argues that the Circuit Court abused its discretion in granting Pacquing's motion to dismiss the charge against Pacquing for unauthorized possession of confidential personal information as a de minimis infraction. We review a trial court's decision to dismiss a prosecution as de minimis under HRS § 702-236 for abuse of discretion. State v. Rapozo, 123 Hawaiʻi 329, 332, 235 P.3d 325, 336 (2010).

HRS § 702-236 provides in pertinent part:

(1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a)    Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or

(b)    Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c)    Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

C.

The Hawaiʻi Supreme Court has held that before a trial court can properly exercise its discretion in applying HRS § 702-

7

236, it should be presented with

> all of the relevant facts bearing upon the defendant's conduct and the nature of the attendant circumstances regarding the commission of the offense . . . . Such a disclosure would then enable the [trial court] to consider all of the facts on this issue, so that [it] can intelligently exercise a sound discretion, consistent with the public interest, whether to grant the dismissal of a criminal case.

Rapozo, 123 Hawai'i at 343-44, 235 P.3d at 339-40 (emphasis in original; brackets in original omitted) (quoting State v. Park, 55 Haw. 610, 616-17, 525 P.2d 586, 591 (1974)). In addition, the trial court should consider a number of factors that were outlined by the supreme court in Park (the "Park factors"), including:

> (1) the background, experience and character of the defendant; (2) knowledge on the part of the defendant of the consequences of the act; (3) the circumstances surrounding the offense; (4) the harm or evil caused or threatened by the offense; (5) the probable impact of the offense on the community; (6) the seriousness of the punishment; (7) the mitigating circumstances; (8) possible improper motives of the complainant or prosecutor; (9) "any other data which may reveal the nature and degree of the culpability in the offense committed by each defendant."

Rapozo, 123 Hawai'i at 344, 235 P.3d at 340 (brackets omitted) (quoting and citing Park, 55 Haw. at 617, 525 P.2d at 591).

In Rapozo, the Hawai'i Supreme Court stated that "it is the defendant's burden to place 'all' of the relevant attendant circumstances before the trial court, and to establish why dismissal [of the charge as a de minimis infraction] is warranted in light of those circumstances." Rapozo, 123 Hawai'i at 331, 235 P.3d at 327. The supreme court further stated that "[i]n order to properly exercise its discretion under HRS § 702-236, the trial court must consider all the relevant surrounding circumstances." Id. at 347, 235 P.3d at 343. The supreme court held that Rapozo's failure to meet her burden of placing all the relevant circumstances before the trial court meant that the trial court's order dismissing the charge as a de minimis infraction must be vacated. Id. at 331, 343-49, 235 P.3d at 327, 339-45.

II.

In deciding Pacquing's De Minimis Motion, the Circuit Court was not presented with the testimony from the preliminary hearing held on the complaint against Pacquing. The preliminary hearing was held before a different judge than the judge who presided over the De Minimis Motion. At the preliminary hearing, Officer Lum testified that when he issued the citations to Pacquing on March 23, 2008, he included Complainant's driver's license number and the last four digits of Complainant's social security number on the citations. However, neither Pacquing nor the State cited this testimony in connection with Pacquing's De Minimis Motion. In addition, neither party introduced the citations issued to Pacquing in Complainant's name. Instead, the parties argued the De Minimis Motion on the basis that Complainant's name, birth date, and street address constituted Complainant's confidential personal information that Pacquing possessed and used without authorization.

Evidence that Pacquing possessed and used Complainant's driver's license number and the last four digits of Complainant's social security number constitutes evidence of relevant circumstances pertaining to the charged offense. If the Circuit Court had considered such evidence, it may have affected the Circuit Court's analysis. For example, Pacquing argues that because information regarding a person's name, birth date, and address is easily obtainable through lawful means, Complainant did not have a significant privacy interest in such information. The same argument would not apply to Complainant's driver's license number or the last four digits of Complainant's social security number.

In Rapozo, the Hawaiʻi Supreme Court held that the trial court should be presented with and must consider all the relevant surrounding circumstances in order to properly exercise its discretion under HRS § 702-236. Rapozo, 123 Hawaiʻi at 343-44, 347, 235 P.3d at 339-40, 343. It is the defendant's burden to place all the relevant attendant circumstances before the

9

trial court. Id. at 331, 235 P.3d at 327. Because the trial court in Rapozo had failed to consider all the relevant circumstances, the supreme court held that the trial court's order dismissing the charge as a de minimis infraction must be vacated, and the supreme court remanded the case to the trial court for further proceedings.

In light of Rapozo, we vacate the Circuit Court's De Minimis Dismissal Order and remand the case to permit the Circuit Court to consider all the relevant circumstances. On remand, "all of the relevant facts bearing upon [Pacquing's] conduct and the nature of the attendant circumstances regarding the commission of the offense" should be presented to the Circuit Court and made part of the record. See Rapozo, 123 Hawai'i at 343-44, 235 P.3d at 339-40 (emphasis omitted). In addition, the Circuit Court should address and evaluate the Park factors in light of all the relevant circumstances in rendering its decision.

## CONCLUSION

We vacate the Circuit Court's De Minimis Dismissal Order, and we remand the case for further proceeding consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, January 25, 2012.


Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Craig Jerome
(James S. Tabe on the brief)
Deputy Public Defenders
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge